

The following constitutes
the order of the court. Signed December 20, 2006

_____
**Marilyn Morgan
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**ELEANOR ELLIOTT-COOK,**<br><br>Debtor. | Case No. 06-52367-MM<br><br>Chapter 13<br><br>**MEMORANDUM DECISION AND ORDER ON DEBTOR'S MOTION TO CONTINUE THE AUTOMATIC STAY AS TO ALL CREDITORS** |

## INTRODUCTION

Before the court is the debtor's motion for continuation of the automatic stay as to all creditors pursuant to § 362(c)(3). For the reasons set forth, the motion is granted.

## FACTUAL BACKGROUND

Eleanor Elliott-Cook, the debtor, has been a social worker with the county of Monterey, California for over six years. She had one prior case dismissed within the last year. She filed her earlier chapter 13 case on June 3, 2004. Her chapter 13 plan in that case provided a 10% distribution to unsecured creditors and was confirmed on July 28, 2004. The debtor's plan payments became unmanageable after the debtor became severely ill. She was hospitalized on an extended basis and eventually had to undergo surgery. The unexpected medical expenses associated with her illness, combined with her extended absence from work and the fact that her only vehicle required costly repairs

1
**MEMO. DECISION AND ORDER ON MOTION TO CONTINUE THE AUTOMATIC STAY**

to continue operating, all contributed to a significant reduction in her disposable income. Her case was dismissed on October 30, 2006 when she missed her plan payments.

Seventeen days following the dismissal of the prior case, the debtor commenced this case because she could not afford to lose possession of her vehicle. The debtor's proposed chapter 13 plan does not propose any modification of secured debt. The debt listed in this case is virtually identical to that listed in her former case with the exception of the medical expenses that she incurred during her illness. Her current plan provides for no distribution to her unsecured creditors. Since the dismissal of her prior case, the debtor's circumstances have changed in that the debtor has fully recovered and is in good health. Additionally, the repairs have been completed on her vehicle, and it is in good running condition. Without the additional expense associated with health care or vehicle repairs, the debtor states that she has the necessary disposable income to complete her proposed plan.

## **LEGAL DISCUSSION**

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), the automatic stay terminates on the thirtieth day after the petition if the debtor had one prior petition pending in the preceding year. Sections 362(c)(3)(B) & (C) provide:

> (3) [I]f a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under § 707(b) –
>
> \* \* \*
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
>
> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) –
>
> (i) as to all creditors, if –
>
> (I) more than 1 previous case under any of chapter 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year;

2

**MEMO. DECISION AND ORDER ON MOTION TO CONTINUE THE AUTOMATIC STAY**
Case: 06-52367  Doc# 15  Filed: 12/20/06  Entered: 12/20/06 09:11:52  Page 2 of 7

     (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to –

       (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
       (bb) provide adequate protection as ordered by the court; or
       (cc) perform the terms of a plan confirmed by the court; or

     (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded –

       (aa) if a case under chapter 7, with a discharge; or
       (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed. . . .

However, the debtor may seek a continuation of the stay beyond the original thirty day period if:

1. a motion is filed;
2. there is notice and a hearing;
3. the hearing is held before the expiration of the original 30 day period; and
4. the debtor proves that the filing of the new case is in good faith as to the creditors to be stayed.

*In re Castaneda*, 342 B.R. 90, 93 (Bankr. S.D. Cal. 2006). The debtor bears the burden of proof with respect to all four elements. *Id.* at 94. Generally, the burden of establishing good faith can be satisfied with a preponderance of the evidence. *In re Montoya*, 342 B.R. 312, 316 (Bankr. S.D. Cal. 2006). However, under the statute, a rebuttable presumption that the second case was not filed in good faith will arise if:

1. the debtor had more than one case pending in the preceding year;
2. the first case was dismissed because the debtor failed to:
  a. file or amend the petition or other documents without substantial excuse;
  b. provide court-ordered adequate protection; or,
  c. perform the terms of a confirmed plan; or,
3. there is no substantial change in the debtor's affairs and no other reason to believe the case will result in a fully performed chapter 13 plan.

3

**MEMO. DECISION AND ORDER ON MOTION TO CONTINUE THE AUTOMATIC STAY**
Case: 06-52367 Doc# 15 Filed: 12/20/06 Entered: 12/20/06 09:11:52 Page 3 of 7

*Castaneda*, 342 B.R. at 94. When the presumption that the second case was not filed in good faith arises, the presumption must be rebutted by clear and convincing evidence. § 362(c)(3)(C). Where there is no presumption of bad faith and no party objects, a request to extend the stay should be liberally granted. *In re Warneck*, 336 B.R. 181, 182 (Bankr. S.D.N.Y. 2006).

Under either burden of proof, the courts look to the totality of the circumstances to determine whether the debtor has established the good faith required by § 362(c)(3). *In re Ball*, 336 B.R. 268, 274 (Bankr. M.D.N.C. 2006); *In re Galanis*, 334 B.R. 685, 693 (Bankr. D. Utah 2005). Many of the relevant circumstances coincide with the factors for determining good faith in confirmation of a chapter 13 plan. *See In re Warren*, 89 B.R. 87, 93 (BAP 9th Cir. 1988)(listing eleven good faith factors in the confirmation context). In addition, the objective futility of the case and the subjective bad faith of the debtor should be considered. *In re Mark*, 336 B.R. 260, 267 (Bankr. D. Md. 2006). A number of courts, recognizing that certain confirmation factors, such as the type of debt and the debtor's conduct in the case, are less significant under BAPCPA's more limited superdischarge, consider the following additional factors to determine good faith under § 362(c)(3):

1. the timing of the second petition;
2. how the debt(s) arose;
3. the debtor's motive in filing the second petition;
4. how the debtor's actions affected creditors;
5. why the debtor's prior case was dismissed;
6. the likelihood that the debtor will have a steady income throughout the bankruptcy case, and will be able to fund a plan; and
7. whether the trustee or creditors object to the motion to continue the stay.

*See In re Baldassaro*, 338 B.R. 178, 188 (Bankr. D.N.H. Feb. 24, 2006)**;** *In re Ball*, 336 B.R. 268, 274 (Bankr. M.D.N.C. 2006); *In re Havner*, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); *In re Galanis*, 334 B.R. 685, 693 (Bankr. D. Utah 2005); *In re Montoya,* 333 B.R. 449, 457-58 (Bankr. D. Utah 2005).

While the factors to be considered are neither weighted nor exhaustive, *Id.* at 458, the types of factors to be considered make it clear that two issues are very significant for purposes of determining good faith under § 362(c)(3): 1) why the previous plan failed, and 2) what has changed so that the

4

present plan is likely to succeed.

In this case, a presumption of the lack of good faith arose because the previous case was dismissed for failure to perform under the terms of a confirmed plan. However, the debtor has met her burden of providing clear and convincing evidence that this case was filed in good faith.

**I.      Unexpected Circumstances Caused the Prior Case to be Dismissed.**

The evidence before me establishes that unexpected and unavoidable medical expenses and car repair bills led to the dismissal of the debtor's prior case. The dismissed case and this one are the only bankruptcy cases that the debtor has filed so there is no evidence that she is attempting to abuse the system. In fact, she filed this case almost immediately after the dismissal of her first case in an attempt to retain possession of her only means of transportation. Other than the medical expenses associated with her illness, debtor did not accumulate any debt in the time between her two bankruptcy cases.

**II.     This Case is Likely to Succeed in Light of Changes in Debtor's Circumstances.**

The record before me further indicates that the debtor will be able to successfully complete her plan in this case. With the return of good health, she has been able to return to her job as a social worker with the county of Monterey. She has been employed with the county for more than six years demonstrating that, but for the interruption caused by her illness, she has a stable source of income. Additionally, the unexpected cost of repairing the debtor's vehicle is now behind her, and the evidence establishes that her vehicle is in good working condition.

The debtor waited only seventeen days from the dismissal of her prior case before filing this case. This establishes that the debtor wants to begin making payments again so she can manage her debt within the framework of chapter 13. She filed this second case to avoid losing her only means of transportation. Finally, the debtor has expressed a sincere intention to successfully complete her chapter 13 plan. She submits that the case was filed in good faith.

**III.    Additional Factors Establish that the Debtor Filed This Case in Good Faith.**

Other relevant considerations confirm that the debtor has filed this case in good faith. First, the plan is a sixty month plan that cures the arrearage on her secured debt. She is contributing all of her disposable income to the plan and is complying with the payment requirements set forth in § 1325(b). Although the current plan does not anticipate a distribution to unsecured creditors, there have been no

5

assertions that the debtor's schedules are inaccurate and there is no preferential treatment between classes of creditors. Secured claims are not modified under the plan, and there are no debts that would be non-dischargeable in a chapter 7 case. Finally, there is no evidence that the administration of the plan will place any unusual burden on the chapter 13 trustee.

The continuation of the automatic stay will adversely affect creditors by preventing them from repossessing the debtor's vehicle or other personal items. However, no creditor has objected to this motion and any adverse consequence to creditors is far outweighed by the other factors establishing the debtor's good faith.

## **CONCLUSION**

For the reasons set forth above, the debtor's motion to continue the automatic stay is granted as to all creditors.

Good cause appearing, IT IS SO ORDERED.

**\* \* \* END OF ORDER \* \* \***

Case No. 06-52367

**<u>SERVICE LIST</u>**

RODNEY M KLEMAN
TREVOR R MIRKES
400 CAMINO EL ESTERO
MONTEREY CA 93940